way. The motion should have been granted, and the question of defendant's ability to comply with it determined upon his motion to be discharged from imprisonment as provided in section 775 of the Judiciary Law (Consol. Laws 1909, c. 30; Laws 1909, c. 35). Wheelock v. Noonan, 55 N. Y. Super. Ct. 302; Ryckman v. Ryckman, 34 Hun, 235; Matter of Strong, 111 App. Div. 281 [97 N. Y. Supp. 459], affirmed 186 N. Y. 584 [79 N. E. 1116]."

[2] For the present discussion, no difference is seen between the delinquent defendant in a judgment and the delinquent trustee in a surrogate's decree. But while, if necessary, it would be held that the court is without discretion to determine upon this motion the question of the trustee's ability to conform to the decree, the same result would follow if such discretion were exercised. This trustee is not wholly powerless to obey. He does not remove the probability that, if he should properly and zealously avail himself of resources and opportunities within his reach, he could pay some part of the judgment against him, and thus qualify his attitude of contumacy; nor is it shown that the securities in which the estate was invested, and of which he has the right of disposition, would not, at least in part, discharge his default, if converted into cash. A peculiar form of his recalcitrancy is that he does nothing toward obeying the decree, and would seek to escape the penalty of disobedience upon the pretense that it would do no good if he should try to obey.

The motion must be granted.

Motion granted.

---

(74 Misc. Rep. 322.)

## In re WITTE.

(Surrogate's Court, Kings County. November, 1911.)

WILLS (§ 497*)—CONSTRUCTION—BENEFICIARIES.

    Testator in his will declared his intention of dividing his estate among his children and grandchildren, and provided, in regard to remainder in certain shares, that it should be divided among his surviving children or their heirs. He also made provision for every child and grandchild then living. *Held*, that by the latter provision he intended to direct the distribution to his children only, to the exclusion of his grandchildren.

    [Ed. Note.—For other cases, see Wills, Cent. Dig. §§ 1080–1086; Dec. Dig. § 497.*]

In the matter of the judicial settlement of the accounts of Gustav A. Witte, surviving trustee. Decree rendered.

S. M. & D. E. Meeker, for trustee.

Martin E. Halpin, for Matilda S. Fickermann, one of the children of deceased.

William Fickermann, for Bertha Rappold, Ellen Huttner, and Emma Steffen, children of deceased.

Daniel Underhill, for Minna Anderson, Katharine Baldwin, Fredericka Kasten, and Matilda Leach, grandchildren of deceased.

Charles A. Wilson, for Rose Erdmann, granddaughter of deceased.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

KETCHAM, S. The testator, having provided for the conversion of his estate, directed the executors to divide the proceeds among persons whom he described as "my children and grandchildren."

One portion was given in trust for one of his children, and was the subject of the following words:

"I direct that after his death the principal so invested for him to be equally distributed among my surviving children or their heirs."

Six shares were then directed to be "divided" to six of testator's children. Two like shares were then directed to be "divided" (1) to a son, and (2) to the child of a deceased son of the testator. As to each of the two shares last mentioned, it was directed that upon the death of the primary beneficiary "of minor age" his "share" was to be distributed "among my" (the testator's) "surviving children or their heirs." Finally, one other "share" was "divided" to four children of a deceased child of the testator. As to this last "share" it was provided that, upon the death "of minor age" of any one of the four children of the deceased daughter, his "part" was to be divided in equal shares "among the surviving children of" the deceased daughter. The son, for whose life the portion first mentioned supra was placed in trust, has died since the death of the testator, and that portion is the subject of the present accounting.

It is claimed, on one part, that the portion in question is to be paid to the children of the deceased who survived him, or to their issue. On the other part, it is claimed that children of the testator's children whose parent died before the testator should share in the trust remainder.

Upon this question, the comparison and contrast of phrases used by the testator to indicate the persons or classes to whom, upon death among the life tenants, the several remainders were bequeathed, become significant. In the instance directly concerned upon this accounting, he employed the words "among my surviving children or their heirs." In the general introduction of his purpose to divide the whole estate he used the words "among my children and grandchildren." With respect to the remainder in case of the death of either one of two beneficiaries under age, his words were "among my surviving children or their heirs." And, lastly, upon the death of any one of four grandchildren, the division was directed to be made "among the surviving children of" their mother.

However harsh or unequal the result may be, the words upon which this account must be determined, viz., "among my surviving children or their heirs," can only be referred to children who survived the testator. No change in the result would be effected if the expression were considered to refer to survival at the time of the distribution. In the provision in case of the death of one of the children of a deceased daughter the direction was for distribution "among the surviving children of said" daughter. No one will doubt that, in the language last quoted, the word "surviving" meant "surviving at the time when the contemplated payment should become due." The repetition of like expressions throughout the will imports deliberation and selection. The use of a single phrase would be presumed to be in-

telligent, but its force and purpose are multiplied when its equivalent is repeated.

The will at first speaks of "my children and grandchildren" as the persons whom the testator is about to consider in the division of his estate. He then develops a scheme under which provision is made for every child and grandchild then living. In this scheme he fully satisfies the thought contained in the introductory mention of "children and grandchildren." In providing for the remainder over which is involved in this accounting, he departs from the general description with which he started and makes such remainder payable, not to children or grandchildren, but to "surviving children or their heirs." This second classification, at least verbally, excludes grandchildren, and, as to children, adds a qualification not found in the earlier part of the will.

A new purpose appears, unless the new word "surviving" can be robbed of all meaning. Its fair grammatical value is that the gift over shall reach, not his children or their heirs, but such of his children as shall survive some event later than the time of the will. This distinction is again enforced when, as argued supra, the words "surviving children" of the deceased daughter are used only to describe children who shall survive at the time of payment. A construction that the words "my surviving children or their heirs" may permit a proportionate payment to children whose parent was a child of the decedent and had died before the will was made would offend simple rules of language. It would involve a result reached, not under, but despite, the words in question. The only suggestion in its favor is that the testator would not have intelligently excluded his deceased children's offspring. This would have afforded the testator a good reason for making a different will, but the law cannot make it.

The distribution of the trust fund should be among the children of the decedent who did survive him.

Decreed accordingly.